**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re: Jason D. Boudreau,<br>Debtor | BK No: 15-10162<br>Chapter 7 |

Jason Boudreau,
    Plaintiff

v.                                                                                                          A.P. No. 16-01001

Rhode Island Division of Taxation,
Education Credit Management Corporation,
and Internal Revenue Service
    Defendants

## DECISION AND ORDER ON MOTION TO DISMISS
## OF RHODE ISLAND DIVISION OF TAXATION

The Rhode Island Division of Taxation ("Division") moves to dismiss plaintiff-debtor Jason Boudreau's adversary proceeding in which he seeks a declaration that the claims of each of the defendants are dischargeable in accordance with 11 U.S.C. § 727.[1] Doc. #20. Mr. Boudreau is proceeding pro se in this matter. This Decision and Order addresses the proceeding only as it relates to the Division. Moving under Federal Rule of Civil Procedure 12(b)(6), incorporated by Bankruptcy Rule 7012,[2] the Division contends that the tax liability Mr. Boudreau owes is excepted from discharge as a matter of law under § 523(a)(1)(B) because he filed his tax return late. Dispositive of this determination, at least as to the underlying tax plus interest, is the decision of the United States Court of Appeals for the First Circuit in *Fahey v. Mass. Dep't of Revenue* (*In re Fahey*), 779 F.3d 1 (1st Cir. 2015). In that case, the Court interpreted the so-

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, 119 Stat. 37 ("BAPCPA").

[2] References to the "Bankruptcy Rules" or "Rules" shall mean the Federal Rules of Bankruptcy Procedure.

called "hanging paragraph" of § 523(a)(*) and held that taxes owed relating to late-filed tax returns are not dischargeable. Based upon *Fahey*, this Court concludes that Mr. Boudreau's 2010 taxes and interest owed to the Division are indeed not dischargeable. The penalty component of the Division's claim is altogether another issue as it was not considered in *Fahey,* the operative Bankruptcy Code provision governing the discharge of penalties imposed by governmental entities being § 523(a)(7), not § 523(a)(1)(B). The Court concludes that these penalties are dischargeable.

I. **Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and DRI LR Gen 109(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I), and (O).

II. **Relevant Facts and Procedural History**

Mr. Boudreau filed his voluntary petition under Chapter 7 of the Bankruptcy Code on January 26, 2015 ("Petition Date"), and received his discharge on April 21, 2015. After discharge was entered, Mr. Boudreau filed a one-page complaint initiating this adversary proceeding. Faced with initial motions to dismiss filed by the Division and the Internal Revenue Service ("IRS"), Mr. Boudreau amended his complaint ("Amended Complaint," Doc. #18) to add more detailed allegations and to reference the general statutory underpinning of his request that the taxes owed to these two governmental agencies be declared dischargeable.[3]

In the Amended Complaint, he alleges that he "has filed his income taxes for the tax years included in his chapter 7 petition" (without indicating when such returns were allegedly filed) and asserts that § 727 of the Code discharges all of his debts, including his tax debts. Amended Complaint ¶4. Although the Amended Complaint covers tax liabilities listed on his

---

[3] Education Credit Management Corporation answered the Amended Complaint, and that matter is proceeding in the ordinary course.

bankruptcy schedules for the years 2004, 2007, and 2009 through 2011, the Division responded that the only outstanding tax Mr. Boudreau owes is for 2010 in the amount of $3,103.[4] *See* BK. No. 15-10162, Doc. #1. This was reiterated by the Division at the hearing on the motion on July 21, 2016, and the parties have proceeded on the basis that this is the only state tax year in issue.

At the July hearing, Mr. Boudreau stated that he filed his state tax return for the 2010 tax year in 2012, not in 2014 as the Division asserts, but conceded that the return was nonetheless filed late because it was due by April 15, 2011. The Court raised the issue of whether *Fahey* was dispositive as to the principal tax and interest in light of the parties' agreement that the tax return was untimely, and requested that the parties file supplemental memos addressing the *Fahey* case. The parties did so (Division's supplemental memoranda, Doc. #37; and Mr. Boudreau's response, Doc. #47), and the Court took the matter under advisement.[5]

The Division maintains that Mr. Boudreau's 2010 tax liabilities are nondischargeable because, regardless of when Mr. Boudreau actually filed his 2010 tax return, he agrees that the return was not timely filed under the applicable Rhode Island tax statute. *See* R.I. Gen. Laws § 44-30-51. Hence, the claim (inclusive of tax and interest only) is not dischargeable under § 523(a)(1)(B), noting the similarities in the applicable Massachusetts statutory filing requirement considered in *Fahey* and its counterpart in the Rhode Island tax statutes, both of which constitute an "applicable filing requirement" under § 523(a)(*).

---

[4] The Division contended at the hearing that the total amount due, including interest and penalties, was $6,745.90, of which $1,565.63 consists of assessed penalties. There appears to be no dispute about this amount. *See* Doc. #47 at 31.

[5] The IRS also filed a motion to dismiss about the same time as the Division. The Court originally intended to take both motions under advisement together because of what initially appeared to be common issues of law. However, as a result of certain post-petition activity by the IRS concerning Mr. Boudreau's federal tax liabilities, the nature of that matter has been altered and its motion to dismiss was denied without prejudice. Mr. Boudreau was also afforded an opportunity to further amend the Amended Complaint as it relates to the IRS to include such post-petition activity.

Mr. Boudreau filed his objection to the motion, arguing that *Fahey* is limited to Massachusetts tax law and is therefore not binding on this Court. He zealously and quite articulately presents various arguments why he believes the *Fahey* decision and its statutory construction of Bankruptcy Code § 523(a)(*) is faulty, noting a number of cases in which courts reached the opposite conclusion. Unfortunately for Mr. Boudreau, the First Circuit rejected such opposing views and this Court is duty bound to follow *Fahey*, which the Court concludes is controlling as to the underlying 2010 state taxes and interest he owes.

**III.    Applicable Standards**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the well-pleaded facts of the complaint as true, but the Court need not accept as true any allegations that are no more than "labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Instead, a complaint must "state a claim to relief that is plausible on its face," rather than merely conceivable. *Twombly*, 550 U.S. at 570. The Court must also "give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).

**IV.    Applicable Law**

    A.    <u>Section 523(a)(1) and the Dischargeability of Tax Liabilities</u>

Bankruptcy Code § 727(a) generally "grants the debtor a discharge"; but "[s]ection 523 addresses the nondischargeability of certain types of debts, including three categories of tax debts that are excepted from discharge." *Berry v. Mass. Dep't of Revenue* (*In re Berry*), Adv. No.

15-4045-CJP, 2016 WL 3676528, at *2 (Bankr. D. Mass. June 30, 2016) (citing 11 U.S.C. § 523(a)(1)(A)-(C)). "If the debt for such taxes meets the standard under § 523(a)(1)(A), (B) or (C), then the debt is nondischargeable." *Nilsen v. Mass. Dep't of Revenue* (*In re Nilsen*), 542 B.R. 640, 643 (Bankr. D. Mass. 2015). "The party seeking to establish an exception to the discharge of a debt bears the burden of proof. . . . by the preponderance of the evidence" that its claim falls "squarely within an exception to discharge . . . ." *Id.* at 645; *N.H. Supreme Court Prof'l Conduct Comm. v. Richmond* (*In re Richmond*), 351 B.R. 6, 10 (Bankr. D.N.H. 2006) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)). The relevant portion of § 523(a)(1), subsection (B)(ii), provides

> (a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (1) for a tax or a customs duty— . . .
>
>> (B) with respect to which a return, or equivalent report or notice, if required—
>>
>>> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . . .

"[S]ubsection (ii) sets forth the so-called 'two year rule'" that excludes from discharge taxes filed late but within two years of the petition. *In re Nilsen*, 542 B.R. at 644 (citing *McBride v. City of Kettering (In re McBride)*, 534 B.R. 326, 331 (Bankr. S.D. Ohio 2015)).

Much litigation under this provision has ensued because of a lack of a statutory definition of "return" applicable to this provision. Congress attempted to address this shortcoming in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") by adding a "hanging paragraph" to § 523(a) following subsection (19), commonly cited to as § 523(a)(*). It states,

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.[6]

With this definition, Congress intended "to settle the dispute over late filed tax returns against the debtor." *Fahey*, 779 F.3d at 10. As is not infrequently the case, "[i]n actuality, the 'hanging paragraph' has been the crux of many bankruptcy appeals, raising more questions about the definition of 'return' and thus leaving circuit courts to clarify the murky waters of the Bankruptcy Code." *Nilsen v. Mass. Dep't of Revenue*, 557 B.R. 1, 4 n.3 (D. Mass. 2016) (citations omitted).

In *Fahey* the Court of Appeals cleared these murky waters for the courts within this Circuit. The decision involved four consolidated, similarly situated cases involving debtors who owed taxes to the Commonwealth of Massachusetts for which their state tax returns were filed late but more than two years before the filing of their respective bankruptcy cases. The First Circuit ruled that a Massachusetts state income tax return filed late under applicable Massachusetts tax laws, does not qualify as a "return" under § 523(a)(*) because a "straightforward reading of Massachusetts law" must acknowledge that the "command that returns 'shall' be made [on or before the fifteenth day of the fourth month following the close of the tax year] certainly seems like a 'filing requirement.'" *Fahey*, 779 F.3d at 4-5 (citing Mass. Gen. Laws ch. 62C, § 6(c)). "[A] return filed after the due date is a return not filed as required,

---

[6] "Section 6020(a) returns are allowed only at the I.R.S.'s request and require the taxpayer's cooperation, while returns filed under section 6020(b) do not involve assistance by the taxpayer and may involve willful fraud." *In re Fahey*, 779 F.3d at 4 n.2 (citing 26 U.S.C. § 6020(a), (b)). Before BAPCPA, courts relied on the "*Beard*" test first articulated by the U.S. Tax Court in *Beard v. Comm'r*, 82 T.C. 766, 777-78 (1984) to ascertain whether a taxpayer's filing constituted as "return." *See id.* at 16 & n.22 (recognizing that courts within the First Circuit, though never officially adopted by the First Circuit, utilized the "*Beard*" test to define a return under § 523(a)).

i.e., a return that does not satisfy 'applicable filing requirements.'" *Id.* at 5. This statutory interpretation has been coined "the 'one-day late rule' because it prohibits discharge of a tax debt with respect to which a return was filed even one day late." *Justice v. United States* (*In re Justice*), 817 F.3d 738, 743 (11th Cir. 2016). In rendering what is essentially a per se rule for late-filed tax returns, the First Circuit joined the Fifth and Tenth Circuits on the issue. *See Mallo v. IRS* (*In re Mallo*), 774 F.3d 1313 (10th Cir. 2014); *McCoy v. Miss. State Tax Comm'n* (*In re McCoy*), 666 F.3d 924 (5th Cir. 2012).[7]

      B.      <u>Section 523(a)(7) and the Dischargeability of Tax Penalties</u>

Bankruptcy Code § 523(a)(7) governs "the dischargeability of debts that come in the form of a penalty or fine. . . . [It] initially creates a class of debt that is excepted from discharge, and then outlines a few narrow exceptions within the class of debt that remains dischargeable." *United States v. Zidehsarai*, No. 2:14-CV-2818 KJM-EFB, 2016 WL 6666823, at *5 (E.D. Cal. Nov. 10, 2016) (citations omitted). An individual's punitive debt to a governmental entity is nondischargeable,

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
> > (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
> >
> > (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

---

[7] The rationale espoused by the First, Fifth and Tenth Circuits is not without criticism because, as Mr. Boudreau and commentators point out, the impact for debtors in these circumstances is quite draconian. *See, e.g.*, *In re McBride*, 534 B.R. at 334 (rejecting *Fahey* as an "absurd result"); *Maitland v. N. J. Div. of Taxation* (*In re Maitland*), 531 B.R. 516, 520-22 (Bankr. D.N.J. 2015) (finding the "one-day late" rule "will produce a result demonstrably at odds with the intention of [the Bankruptcy Code's] drafters").

11 U.S.C. § 523(a)(7)(A)-(B); *see United States v. Zidehsarai*, 2016 WL 6666823, at *5 (discharging "a fine, penalty, or forfeiture" owed to the government, if it is "(1) 'compensation for actual pecuniary loss'; (2) a type of tax penalty . . . not mentioned in subsection (1), which addresses a 'tax of customs duty'; or (3) a tax penalty that is based on an event that happened before the three-year lookback period."). These subsections are "separate and disjunctive exceptions." *In re McCarthy*, 553 B.R. at 465. "[N]ormally the particular penalty must serve some 'punitive' or 'rehabilitative' governmental aim, rather than a purely compensatory purpose." *Whitehouse v. LaRoche*, 277 F.3d 568, 573 (1st Cir. 2002) (citing *Kelly v. Robinson*, 479 U.S. 36, 52 (1986)). "The test for the determination of the dischargeability of a tax penalty is based on the date of the underlying transaction or event that gave rise to the penalty, not the dischargeability of the underlying tax." *In re Allen*, 272 B.R. 913, 916 n.1 (Bankr. E.D. Va. 2002); *see Aikman v. IRS* (*In re Aikman*), 554 B.R. 95, 99 (Bankr. W.D. Pa. 2016) ("[O]ther courts similarly faced with the dischargeability of a tax penalty pursuant to 523(a)(7)(B) have found the applicable "transaction or event" is the date the returns were due.").

Judge Boroff's decision in *In re McCarthy*, 553 B.R. 459 (Bankr. D. Mass. 2016) is, as far as the Court can discern, the first published case in this Circuit to address the impact, if any, of *Fahey* on the dischargeability of tax penalties. There the debtors alleged that the efforts of the Massachusetts Department of Revenue ("MDOR") to collect pre-petition tax penalties assessed on taxes for which the returns were untimely filed violated the discharge order. The MDOR defended its actions on the basis that the penalties were nondischargeable pursuant to § 523(a)(7) because the underlying taxes for which returns were filed late had been held nondischargeable in accordance with *Fahey*. But Judge Boroff determined that *Fahey* was not controlling on the penalty issue because it did not address tax penalties and it remained to be determined "whether

the *penalties* associated with such taxes [were] also non-dischargeable." *McCarthy*, 553 B.R. at 460. This Court agrees. "The distinction between a tax, a penalty and a debt has a well-established history in bankruptcy practice . . . . The penalties on the unsecured priority taxes are evaluated under § 523(a)(7). They are not taxes. They are penalties. . . . [that] are not in compensation for an actual pecuniary loss." *In re Allen*, 272 B.R. at 915-16.

**V.      Analysis**

     A.      2010 Underlying State Tax Liability

As earlier discussed, there is no dispute that Mr. Boudreau's 2010 state tax return was due on April 15, 2011 and was filed late, whether in 2012 or 2014. *See* R.I. Gen. Laws § 44-30-51(a). For purposes of the Division's motion to dismiss, the question is whether the Amended Complaint states a "plausible claim" that the 2010 tax liabilities, plus interest, should be declared to have been discharged upon the entry of his discharge. Mr. Boudreau primarily argues that *Fahey* only applies to Massachusetts tax law and the Court is not bound to follow its ruling for Rhode Island taxes. He rests his argument on footnote 9 in the *Fahey* decision in which the Court noted, "We express no opinion on whether other jurisdictions' laws and regulations bearing on a tax return's timeliness qualify as 'applicable filing requirements' under section 523(a)(*)." *Fahey*, 779 F.3d at 8 n.9. He construes this footnote as license for this Court to freely conduct its own statutory interpretation of § 523(a)(*), and contends that the underlying tax is dischargeable even though his return was late-filed because *Fahey*'s "literal and seemingly harsh interpretation" of § 523(a)(*) contradicts the "canons of statutory construction that should trump the apparent plain language of the statute." Doc. #47 at 8-9.

To the contrary, this footnote simply recognizes that for the discharge determination, each jurisdiction's "applicable filing requirements" must be reviewed to determine if a debtor

has satisfied them for the filed return to qualify as a "return" under Bankruptcy Code § 523(a)(1)(B). No matter how harsh the outcome may be, under the doctrine of *stare decisis*[8] this Court is duty bound to follow *Fahey* unless the Supreme Court pronounces a different interpretation of §523(a)(1)(B) and the hanging paragraph.[9]

Like its Massachusetts counterpart, Rhode Island General Law § 44-30-51(a) provides, "On or before the fifteenth day of the fourth month following the close of a taxable year, a Rhode Island personal income tax return *shall* be made and filed . . . ." (emphasis added).[10] The *Fahey* Court found persuasive the use of the mandate "shall" in the similar Massachusetts statutory filing deadlines in concluding that such filing deadlines constitute "applicable filing requirements" that must be strictly adhered to for a tax return to qualify as a "return" for purposes of § 523(a)(1)(B). *See Fahey*, 779 F.3d at 5; *see also* § 523(a)(*). The short and decisive answer here is that Mr. Boudreau's underlying 2010 state tax liability and the accrued and accruing interest is not dischargeable.

---

[8] The doctrine of *stare decisis* "embodies '[t]he obligation to follow precedent.'" *Quinn v. City of Boston*, 325 F.3d 18, 35-36 (1st Cir. 2003) (quoting *Planned Parenthood v. Casey*, 505 U.S. 833, 854 (1992)). It stands, in part, for the proposition that "a legal decision rendered by a court will be followed by all courts inferior to it in the judicial system." *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 441 (1st Cir. 2007) (citation omitted). "Stare decisis is always 'the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" *United States v. Cardales-Luna*, 632 F.3d 731, 735 (1st Cir. 2011) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)); *see also Duby v. U.S.* (*In Re Duby*), 451 B.R. 664, 672 (B.A.P. 1st Cir. 2011) (holding that a First Circuit case was "binding First Circuit precedent which the Panel, as well as the bankruptcy court, is bound to follow under the principles of *stare decisis*").

[9] It may not be too long before we have a definitive ruling by the Supreme Court because this tax discharge issue is one "that is likely to affect a significant proportion of individuals and likely to arise repeatedly." *Internal Revenue Serv. v. Davis*, No. CV 15-7601 (MAS), 2016 WL 3567039, at *3 (D.N.J. June 29, 2016). Interestingly, while not raising the precise issue, there is a currently pending petition for certiorari asking the high court to decide, "Whether a taxpayer who files a return after assessment has filed a 'return' under §523(a)(1)(B)." Petition for Writ of Certiorari, *Smith v. I.R.S.*, No. 16-497, 2016 WL 5957549 (U.S. Oct. 10, 2016).

[10] "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings to give effect to each word." *In re Carpenter*, 559 B.R. 551, 557 (Bankr. D.R.I. 2016) (quoting *State v. Santos*, 870 A.2d 1029, 1032 (R.I. 2005)).

B.   The Tax Penalties

The determination of the dischargeability of the penalties assessed by the Division for the outstanding 2010 taxes is quite another matter, and the Court concludes that the penalty is dischargeable and falls within the scope of the discharge Mr. Boudreau has already been granted. The Division asserts that the tax penalty is equally nondischargeable as the underlying tax liability because Rhode Island General Laws § 44-30-85(g) requires the Court to treat tax penalties the same as the nondischargeable taxes. And it attempts to distinguish *McCarthy* on the grounds that it is "unclear . . . what the Massachusetts law on tax penalties [was] and how they should be treated," while the Rhode Island law directs tax penalties to be treated as taxes. Doc. #37 at 6. This portion of the Rhode Island statute appears not to have been specifically interpreted by any Rhode Island state or any federal court. Mr. Boudreau challenges the Division's reading of this tax provision, maintaining that it would impose a statutory, unsupported "double taxation" on the 2010 tax liability he already owes. Doc. #47 at 36. Thus, he argues, the penalties are dischargeable under Bankruptcy Code § 523(a)(7)(B) because they were imposed more than three years prior to the Petition Date.

The plain language of the statute does not support the Division's argument. Generally, Rhode Island General Laws § 44-30-85 grants the Division the authority to impose a late-payment penalty for an untimely filed return "unless it is shown that the failure [to timely file] is due to reasonable cause and not due to willful neglect." R.I. Gen. Laws § 44-30-85(a)(1)-(2). Subsection (g) provides, "The additions to the tax and civil penalties provided by this section shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes . . . ." By the Court's reading of the provision, it does not transform the penalties into a tax as the Division would have it. Rather, it provides for the assessment, collection, and

payment of such penalties in the same manner as the underlying tax due. The penalty does not become automatically nondischargeable because the underlying tax may be nondischargeable. *See In re Allen*, 272 B.R. at 916 n.1 ("It is possible for the underlying tax to be discharged but the penalty not to be discharged."). The Division concedes that § 523(a)(7) would otherwise discharge Mr. Boudreau's 2010 tax penalties "because the transaction date for both the late filing penalty for the nonpayment of taxes would have been at the time the tax return was due, April 15, 2011," more than three years before the Petition Date. Doc. #37 at 6-7.

**VI.    Conclusion**

Under the binding First Circuit precedent of *Fahey*, the Amended Complaint fails to state a claim against the Division upon which the requested relief may be granted with regard to the 2010 tax liability and accrued and accruing interest because they are not dischargeable under §523(a)(1)(B). It does, however, state a claim upon which relief may be granted as to the 2010 penalties assessed as these are dischargeable under § 523(a)(7). Accordingly, the Motion is GRANTED IN PART as to the tax years 2004-2009 and 2011 for which no state taxes are due; GRANTED IN PART as to the underlying state tax liability and interest for the tax year ending December 31, 2010; and DENIED IN PART as to the tax penalty assessed for the 2010 underlying state tax liability.

Date: January 24, 2017

By the Court,

_____
Diane Finkle
U.S. Bankruptcy Judge